IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>RONALD WILLIAMS,<br><br>               Defendant. | 8:02CR8<br><br>MEMORANDUM AND ORDER |

    This matter is before the Court for initial review of a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by the Defendant, Ronald Williams, ECF No. 65. Defendant has also filed a Motion to Supplement his § 2255 Motion, ECF No. 71.[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

    After being found guilty of the offenses of Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count I), and of using a weapon during a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Count II), the Defendant received a sentence of 84 months incarceration on Count I and 84 months incarceration on Count II, to be served consecutively, to be followed by five years of supervised release. Judgment was

---

[1] Defendant's § 2255 Motion and subsequent Motion to Supplement were filed pro se.

entered on October 8, 2002. ECF No. 43. The Defendant appealed his conviction, and the conviction was affirmed on appeal. ECF No. 63.

In the § 2255 Motion, the Defendant asserts that the sentence should be vacated pursuant to the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015), and *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016).

In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(1), (the "ACCA"), to be unconstitutionally vague, and therefore void. In *Welch*, the Supreme Court held "that *Johnson* is retroactive in cases on collateral review[.]" 136 S. Ct. at 1268.

In *Beckles v. United States*, No. 15-8544 (March 6, 2017), the Supreme Court held that the United States Sentencing Guidelines ("USSG"), including the residual clause of USSG § 4B1.2(a), which contained language identical to the residual clause in the ACCA[2], are not subject to vagueness challenges under the Due Process Clause.

A review of the Defendant's Presentence Investigation Report ("PSR"), ECF No. 55, reveals that the Defendant received a two-level sentencing enhancement under U.S.S.G. § 2B3.1 with respect to Count I for robbing a financial institution. With respect to Count II, the Defendant received an additional 84 month sentence pursuant to 18 U.S.C. § 924(c)(1)(A)(ii) for brandishing a firearm during and in relation to a "crime of

---

[2] Before its amendment on November 1, 2016, USSG § 4B1.2 defined the term "crime of violence" to include "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . *otherwise involves conduct that presents a serious potential risk of physical injury to another*." (Emphasis added to residual clause.) The identical language is contained in the ACCA at 18 U.S.C. § 924(e)(2)(B)(ii).

violence." The Defendant contends that *Johnson* and *Welch* invalidate his sentence. *See* ECF No. 65, Page ID 262-63.

The Defendant received no sentencing enhancement under U.S.S.G. § 4B1.2, but even if he had, the Supreme Court's decision in *Beckles* would not invalidate such an enhancement. Thus, to the extent the Defendant is challenging his sentence with respect to Count I, his argument lacks merit. To the extent the Defendant is challenging his additional 84 month sentence on Count II pursuant to 18 U.S.C. § 924(c)(1)(A) for brandishing a firearm during and in relation to a "crime of violence," his argument also lacks merit.

Section 924(c)(1)(A) "prohibits 'us[ing] or carr[ying]' a firearm 'during and in relation to any crime of violence or drug trafficking crime.'" *Rosemond v. United States*, ___ U.S. ___, 134 S. Ct. 1240, 1243 (2014) (quoting 18 U.S.C. § 924(c)(1)(A). A seven-year (84 months) mandatory minimum sentence is applicable where the firearm is "brandished." 18 U.S.C. § 924(c)(1)(A)(ii). A "crime of violence" means a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A) & (B). Clause (A) is referred to as the "elements clause" and clause (B) is referred to as the "residual clause," not to be confused with the residual clause of § 924(e)(1) which was the subject clause in *Johnson*. *United States v. Enriques*, No. 8:08CR383, 2016 WL 4273187, at *9 (D. Neb. Aug. 12, 2016).

Although § 924(c)(3)(B) has been recognized as resembling the unconstitutionally vague residual clause of § 924(e)(1), the Eighth Circuit Court of Appeals has held that because factors distinguish § 924(c)(3)(B) from the residual clause at issue in *Johnson* it is constitutionally valid. *United States v. Prickett*, 839 F.3d 697, 698-99 (8th Cir. 2016) (citing *United States v .Taylor*, 814 F.3d 340, 375-76 (6th Cir. 2016). Notwithstanding the constitutionality of § 924(c)(3)(B), the Defendant's armed bank robbery conviction nonetheless constitutes a "crime of violence" under § 924(c)(3)(A), the elements clause. *See Allen v. United States*, 836 F.3d 894 (8th Cir. 2016) (stating "bank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)"); *See also United States v. McNeal*, 818 F.3d 141, 152-53 (4th Cir. 2016) (holding "armed robbery [under 18 U.S.C. § 2113(a) & (d)] is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force.'"); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) ("[A] conviction for armed bank robbery [under 18 U.S.C. § 2113(a) & (d)] clearly meets the requirement . . . to include as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another.'").

The Defendant was convicted of armed bank robbery under 18 U.S.C. § 2113(a) and (d) where subsection (d) includes as an element "assault[ing] any person, or put[ting] in jeopardy the life of any person by the use of a dangerous weapon or device . . . ." 18 U.S.C. § 2113(d). Thus, a conviction under 18 U.S.C. § 2113(d) is sufficient to operate as a predicate "crime of violence" under 18 U.S.C. § 924(c)(3)(A). *See McNeal*, 818 F.3d at 152; *see also Hines*, 824 F.3d at 1337. Therefore, because Eighth Circuit precedent supports the constitutionality of 18 U.S.C. § 924(c)(3)(A) & (B), which defines

a crime of violence, and because the Defendant's conviction pursuant to 18 U.S.C. § 2113(a) and (b) clearly constitutes a crime of violence under 18 U.S.C. § 924(c)(1)(A), the Defendant's argument lacks merit and the § 2255 Motion will be summarily dismissed.  The Defendant's Motion to Supplement will also be dismissed as moot.

THEREFORE, IT IS ORDERED:

1. That the Court completed initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion");

2. For the reasons stated above, the § 2255 Motion, ECF No. 65, will be summarily dismissed;

3. The Motion to Supplement, ECF No. 71, will be dismissed as moot;

3. A separate Judgment will be entered; and

4. The Clerk will mail a copy of this Memorandum and Order to the Defendant at the Defendant's last known address.

Dated this 27th day of March, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge