# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>RONALD LEE WILLIAMS,<br><br>　　　　　　　　Defendant. | 8:02CR8<br><br>MEMORANDUM AND ORDER |

This matter is before the Court for initial review of a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), ECF No. 78, filed by pro se Defendant, Ronald Lee Williams ("Defendant").[1] Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The Court summarily dismissed Defendant's first Motion under 28 U.S.C. § 2255, ECF No. 77, and Defendant now asserts that the Court failed to address his life

---

[1] Defendant filed his Motion "pursuant to [Federal] Rule [of Civil Procedure] 59(e). The Motion reasserts that the Defendant's life sentence should be vacated in light of the Supreme Court's holding in *Johnson v. United States*, __ U.S. __, 136 S. Ct. 1257 (2015), and will be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

sentence in doing so. Accordingly, Defendant's present § 2255 Motion argues the Court should address and vacate his life sentence.

The Court did not impose Williams's life sentence,[2] and § 2255(a) provides that a prisoner claiming the right to have his sentence vacated "may move the *court which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added). Moreover, Section 2255(h) requires second or successive motions to be certified "by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h). Williams's successive motion has not been certified by the Court of Appeals for the Eighth Circuit and will, therefore, be dismissed.

Thus, Defendant's § 2255 Motion will be summarily dismissed because it lacks certification from the appropriate court of appeals and it challenges a sentence that the Court did not impose. Accordingly,

IT IS ORDERED:

1. That the Court completed initial review of the Defendant's second or successive Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"), ECF No. 78;

2. For the reasons stated above, the § 2255 Motion, ECF No. 78, will be summarily dismissed;

3. A separate Judgment will be entered; and

---

[2] *See* Motion to Vacate, *United States v. Williams*, No. 02cr8 (D. Neb. April 28, 2017), ECF No. 78, Page ID 300 (attached judgment indicating United States District Judge Dean Whipple of the Western District of Missouri imposed a life sentence on May 10, 1990).

4. The Clerk will mail a copy of this Memorandum and Order to the Defendant at the Defendant's last known address.

Dated this 2nd day of May, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge